SAMUEL B. GERBER, APPELLEE, V. B. F. JONES ET AL.,
APPELLANTS.

FILED JANUARY 18, 1893.    No. 4339.

1. **Review.** Upon the main issues in the pleadings the findings and
   judgment are sustained by the evidence.

2. **Accounting**: PARTNERSHIP. There is an error of computa-
   tion in favor of the plaintiff, of the sum of $413, to be deducted
   from the decree.

3. ——: ——: FINDINGS. No account is taken in the decree of
   the value of the property conveyed by Coates to the plaintiff,
   which is claimed by the defendant to be of the value of $8,000,
   and admitted by the plaintiff to be of the value of $2,000. *Held,*
   That the plaintiff within thirty days may reconvey the prop-
   erty, or in case of failure to do so, a reference will be ordered to
   ascertain the value and report the same to the court, and upon
   the approval of the report final judgment will be entered in this
   court.

APPEAL from the district court of Box Butte county.
Heard below before KINKAID, J.

*G. M. Lambertson, C. W. Gilman, W. H. Westover,*
and *A. L. Field,* for appellants.

*Thomas Darnall, James H. Danskin,* and *John P.*
*Arnott, contra.*

MAXWELL, CH. J.

On or about the 1st day of May, 1887, the plaintiff en-
tered into an agreement in writing with the defendants to
form a partnership to engage in the business of banking,
of which Samuel B. Gerber was to be president, E. A.
Coates cashier, and B. F. Jones assistant cashier. The
plaintiff was to furnish $3,300 as present capital, and the
name of the bank was to be the Farmers & Traders
Bank of Hemingford, Box Butte county, Nebraska. The

defendants were to transact the business of the institution and furnish the building free of rent, and the profits and losses were to be equally divided between the plaintiff and the defendants. The agreement was to remain in force for the period of two years; that the defendants exercise control of the business from the 1st day of May, 1887, to the 22d day of February, 1888; that according to his agreement plaintiff paid to the copartnership, at the commencement of the business, $3,300, and subsequently between the 4th day of June, 1887, and the 4th day of February following, paid to the copartnership the further sum of $6,143.67; that the defendants paid no money into the business; that the defendants from time to time withdrew from the business and applied to their own use large sums of money, greatly in excess of what they were entitled to receive under the agreement, the total amount of which is the sum of $8,643.67; that the plaintiff discovered this fact about the 22d day of February, 1888, and demanded from the defendants the payment of said sum of $8,643.67, which they refused to pay. The plaintiff prays that the defendants be enjoined from interfering or intermeddling with the business and property of the copartnership, and be enjoined from disposing of any of their properties and effects until the further order of the court; that the copartnership be dissolved, and that an account may be taken of the moneys received by the plaintiff and the defendants during the existence of the copartnership, and that the plaintiff may have judgment against the defendants, and each of them, for the amount found due him from them, and for such other relief as in equity he is entitled to.

The defendant B. F. Jones, for answer, 1st, admits the formation of the partnership; 2d, denies each and every other allegation contained in the petition; 3d, alleges that on the 5th day of November, 1887, said partnership ceased by mutual agreement and consent, the said B. F. Jones retiring from the firm; that at said last mentioned date a full settlement

was had of the partnership affairs, and the said Jones released from further liability; 4th, that since his retirement the business has been conducted by the plaintiff and the defendant Coates in a very careless and negligent manner, so much so that the money and other assets of the copartnership might have been lost, abstracted, or stolen; that the plaintiff has withdrawn at various times large sums of money, for which he has not accounted. Wherefore he prays the dismissal of the action.

The reply to this answer is, in effect, a general denial.

The defendant Coates, in his amended answer, admits the formation of the partnership, but denies each and every other allegation contained in the petition; alleges that an accounting and settlement of partnership affairs was had on the 5th day of November, 1887; that the plaintiff Samuel B. Gerber had access to and control of the partnership business after the 5th day of May, 1887, and took exclusive possession of the same after the 1st day of February, 1888; that the plaintiff appropriated large sums of money from time to time to his own use out of the partnership assets; that the business of the firm was conducted in a very careless and negligent manner after plaintiff took exclusive possession of the same, so that the money of the copartnership could have been abstracted or taken by other persons; that on or about the 2d day of April, 1888, he, Coates, was induced by the plaintiff and his attorneys, by the use of undue influence, to convey to said Gerber certain pieces and parcels of land of the value of $8,030.60, to be held in trust until the settlement of partnership accounts in controversy; that said Samuel B. Gerber has disposed of the same, or part thereof, for his own use and benefit; that all of the above described property was conveyed without any consideration whatever. The defendant therefore prays that the said Samuel B. Gerber be enjoined from disposing of the above described property and that the same be reconveyed to him, the said defendant, or

in lieu thereof, that this defendant recover judgment against the plaintiff for the value of said property, in the sum of $8,030.60, and such other relief as in equity and justice he may be entitled to.

For a reply to the answer of the defendant Coates, plaintiff denies that upon the 5th day of November, or at any other time, an accounting and settlement was had of partnership affairs; 2d, denies that he had access to or control over the partnership business between May 5th, 1887, and the 22d of February, 1888; 3d, denies that any undue influence was used by the plaintiff or his attorney to induce the defendant Coates to convey the land therein described to the plaintiff, but avers the fact to be that said lands were conveyed to him in trust, pending the settlement of the bank difficulty, and that said property was by agreement to be applied to reimburse the plaintiff for the loss sustained by the shortage in said bank, occasioned by the fault, negligence, and misapplication of the funds of said bank, all of which was the property of the plaintiff, by the defendants Coates and Jones, so far as said property might go to accomplish the purpose of liquidating the loss and damage sustained by the plaintiff thereby; denies that the property so as aforesaid conveyed by the defendant Coates was of the value alleged in the answer, or of any greater value than $2,000.

On the trial of the cause the court found as follows:

"First—That plaintiff and defendants entered into the agreement as alleged in said petition; that plaintiff furnished for the use of said copartnership, from the 1st day of May, 1887, to the 22d day of February, 1888, the sum of $13,037, to be used in said banking business by said copartnership; that plaintiff withdrew from said copartnership for his own use the sum of $3,700, and no more.

"Second—The court further finds that by the terms of said agreement the defendants jointly and severally agreed to conduct, manage, and control the business of said co-

12

Gerber v. Jones.

partnership and account to the plaintiff for the money contributed by him to the said copartnership.

"Third—The court further finds that the defendants, nor either of them, ever contributed any money or property to the copartnership.

"Fourth—The court further finds that the plaintiff, under and by virtue of said agreement and the evidence, was under no obligation to participate in the management or control of said copartnership in any manner, and the court further finds that the plaintiff did not in fact participate in the management or control of said copartnership business from May 1st, 1887, until the 22d of February, 1888.

"Fifth—The court further finds that there was no dissolution of said copartnership on November 5th, 1887, as alleged in the answers of defendants, and further that there was no accounting had on said 5th day of November, 1887, nor at any other time, but that said copartnership still existed without any accounting from the 1st day of May, 1887, until the 22d day of February, 1888.

"Sixth—The court therefore finds there is due plaintiff from defendants, and each of them, the sum of $9,750. It is therefore considered by the court that the partnership heretofore existing between Samuel D. Gerber, the plaintiff, and E. A. Coates and F. B. Jones, defendants, be and is hereby dissolved, and that the plaintiff recover of and against the defendants, and each of them, jointly and severally, the sum of $9,750, and the costs of this action, taxed at ——.

The principal matters involved in the case are upon disputed questions of fact. The testimony tends to show that the defendants conducted the bank in a very careless and inefficient manner, and that they used considerable sums of money in the payment of their own debts. There is no doubt the very large shortage in the case was due to this appropriation or their neglect or wrong. The findings of the court therefore will not be disturbed. There are

some errors in the decree which we will now proceed to point out and correct.

The court finds that the plaintiff put into the firm $13,-037 and drew out $3,700, which deducted from the sum first named leaves $9,337, instead of $9,750. The judgment therefore will be modified as above indicated.

The defendant Coates conveyed to the plaintiff a considerable amount of property claimed by Coates to be of the value of over $8,000, and by the plaintiff admitted to be of the value of $2,000. We find no value affixed to this property or deduction made therefor. This property must be reconveyed or a deduction made for the value thereof. This value the parties may agree upon if able to do so, or the court will refer the matter to ascertain the value. The judgment of the court below is therefore modified in respect to these matters, and in regard to all other matters is affirmed. The plaintiff may reconvey the property to Coates within thirty days, or in case he fails to do so the cause will be referred to —— to take testimony and find the value of the property conveyed, and upon the approval of his report, final judgment will be entered in this court.

JUDGMENT ACCORDINGLY.

THE other judges concur.